OPINION
{¶ 1} Plaintiffs-appellants Kenneth R. Jones and Mary B. Jones [hereinafter appellants] appeal from the January 27, 2003, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of defendant-appellee American Motorists Insurance Company [hereinafter American].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 27, 1999, Kenneth R. Jones was injured in an automobile accident with an underinsured motorist. Kenneth Jones was riding a motorcycle which he owned.
 {¶ 3} Kenneth Jones was an employee of American Electric Power [hereinafter AEP]. AEP was insured under two policies issued by Federal Insurance Company: a business auto policy and a general liability policy. AEP was also insured under an umbrella policy issued by Energy Insurance (Bermuda) Ltd. [hereinafter Energy].
 {¶ 4} At the time of the accident, Kenneth Jones was married to Mary Jones. Mary Jones was an employee of M.K. Morse Co. M.K. Morse Co. was insured by American through three policies: an automobile policy, a commercial general liability policy and an umbrella policy.[1]
 {¶ 5} On May 30, 2001, appellants filed a complaint against Federal and American, seeking uninsured/underinsured [hereinafter UM/UIM] coverage. Federal removed the action to the United States District Court in the Northern District of Ohio on July 5, 2001. While the case was pending before the United States District Court, appellants filed an amended complaint on September 18, 2001, adding Energy as a defendant.
 {¶ 6} On November 15, 2001, the United States District Court remanded the matter to the Stark County Court of Common Pleas for want of jurisdiction. Federal appealed the District Court's remand to the United States Court of Appeals for the Sixth Circuit on December 11, 2001. However, the Sixth Circuit also dismissed for want of jurisdiction. Federal then appealed that decision to the Supreme Court of the United States. The petition was denied and the matter was returned to the Stark County Court of Common Pleas.
 {¶ 7} While Federal's appeal to the United States Supreme Court was still pending, the Stark County Court of Common Pleas entered a scheduling order requiring appellants to file their motion for summary judgment by May 1, 2002. The scheduling order also required the defendants to file their motions for summary judgment by June 3, 2002. The matter was set for non-oral hearing on July 2, 2002. The motions and responsive briefs were timely filed by all parties.
 {¶ 8} On December 17, 2002, the trial court entered summary judgment in favor of American. The trial court held that the American policies did not extend coverage to appellees.[2]
 {¶ 9} On January 27, 2003, the trial court entered a Nunc Pro Tunc Judgment Entry, adding Civ. R. 54(B) language to its prior Judgment Entry. Thereafter, appellants appealed the trial court's Entry of summary judgment raising the following assignments of error:[3]
 {¶ 10} "I. The trial court erred as a matter of law in concluding that Kenneth and Mary jones were not insureds under American Motorists Ins. Co.'s Commercial Automobile Policy.
 {¶ 11} "II. The trial court erred as a matter of law in concluding that Kenneth and Mary Jones were not insureds under American Motorists Ins. Co.'s Umbrella Policy."
 I {¶ 12} In the first assignment of error, appellants contend that the trial court erred when it found that appellants were not insureds under the American Commercial Auto Policy (hereinafter CAP). We disagree.
 {¶ 13} In this case, appellant Kenneth Jones was injured while riding his motorcycle while on personal business. Appellants Kenneth and Mary Jones contend that they are entitled to coverage as a matter of law, pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co. (1999),85 Ohio St.3d 660. The CAP in the case sub judice has an Ohio uninsured motorists coverage form which defines an insured the same as it was defined in the policy in Scott-Pontzer. The Ohio Supreme Court recently limited its holding in Scott-Pontzer. In Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, the Supreme Court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. See also In re Uninsuredand Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888. The Galatis court further held that a policy which designates a corporation as a named insured and designates "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. Id., paragraph 3 of syllabus.
 {¶ 14} Here, no injury was sustained in the course and scope of Mary Jones' employment and appellant Mary Jones was not a named insured. Therefore, neither appellant would be an insured.
 {¶ 15} Accordingly, appellants' first assignment of error is overruled.
 II {¶ 16} In the second assignment of error, appellants contend that the trial court erred when it held that appellants were not insureds under American's Commercial Catastrophe [hereinafter umbrella] policy. We disagree.
 {¶ 17} Appellants argue that the umbrella policy is an automobile policy of insurance because it is excess over an automobile liability policy of insurance, namely, the American CAP. See R.C. 3937.18(L)(2). Appellants therefore conclude that UM/UIM coverage had to be offered under R.C. 3937.18, and, since it was not offered, UM/UIM coverage arose by operation of law and covered anyone insured under the liability portion of the umbrella policy.
 {¶ 18} Appellants contend that because appellants are insureds under the underlying policy, they are insured under the umbrella policy. We find appellants' argument is meritless. In assignment of error I, this Court found that appellants are not insureds under the underlying policy. The Ohio Supreme Court in Galatis, supra, and In Re Uninsured,
supra., limited Scott-Pontzer to cases where an employee suffers a loss within the course and scope of that employee's employment. Galatis,
supra, and In Re Uninsured, supra. No injury herein was sustained in the course and scope of Mary Jones' employment and appellant Mary Jones was not a named insured. Thus, even if the umbrella policy provided UM/UIM coverage by operation of law, Mary Jones would not be insured.
 {¶ 19} Appellants further contend that Mary Jones is an insured under the American umbrella policy by virtue of the definition of insured in Section III.1.c of the umbrella policy. Section III.1.c of the umbrella policy states "[i]f you are designated in the Declarations as: an organization other than a partnership or joint venture, you are `insured.'" Appellant then relies upon Scott-Pontzer to argue that you is ambiguous and as a matter of law includes all corporate employees. The Ohio Supreme Court in Galatis, supra, and In Re Uninsured, supra, limitedScott-Pontzer to cases where an employee suffers a loss within the course and scope of that employee's employment. No injury herein was sustained in the course and scope of Mary Jones' employment and appellant Mary Jones was not a named insured. Thus, even if the umbrella policy provided UM/UIM coverage by operation of law, Mary Jones would not be insured.
 {¶ 20} Accordingly, appellants' second assignment of error is overruled.
 {¶ 21} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
Gwin, P.J. and Boggins, J., concur.
[1] The American commercial general liability policy is not a subject of this appeal.
[2] Although not relevant to the appeal herein, the trial court entered summary judgment in favor of appellants as to the Federal policies. The trial court found $300,000.00 in UM/UIM coverage to be available to appellants under the Federal Business Auto Policy and $1,000,000.00 in UM/UIM coverage to be available to appellants under the Federal General Liability Policy. Further, the trial court found that the Energy excess policy, in effect January 1, 2001, until July 1, 2001, extended coverage to appellants.
[3] Federal and Energy also appealed. Their appeals were docketed as Stark App. Nos. 2003CA00066 and 2003CA00075. The appeals were consolidated by this Court for the purpose of oral argument only.